IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RABI MIRAFI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | DOCKET NO.: _1:12-cv-242_ |
| v. | ) | JURY DEMAND (12) |
| | ) | |
| COVENANT TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Comes now the Plaintiff, Rabi Mirafi, by and through his undersigned counsel, and for his

Complaint against Defendant Covenant Transportation Group, Inc., the Plaintiff states as follows:

### I.
### PARTY, JURISDICTION, AND VENUE

1.      Plaintiff, Rabi Mirafi, (hereinafter "Plaintiff") is a resident and citizen of

Oakwood, Hall County, Georgia.

2.      Defendant, Covenant Transport, Inc., (hereinafter "Defendant") is a domestic

corporation authorized to be and doing business in Chattanooga, Hamilton County. Tennessee,

where Defendant's principle address is located.

3.      The events giving rise to this matter took place in Hamilton County. Tennessee, at

Defendant's facility located at 400 Birmingham Highway, Chattanooga, Tennessee.

4.      Subject matter jurisdiction is proper pursuant to federal question jurisdiction

because Plaintiff is alleging a violation of Title VII of the Civil Rights Act of 1964 and the

Americans with Disabilities Amendments Act. Subject matter jurisdiction is also proper based

upon diversity jurisdiction.

5.       Subject matter jurisdiction for Plaintiff's remaining claims is proper due to pendant jurisdiction of claims involving violations of state statutory and common law.

## II.
## FACTUAL BASES FOR SUIT

6.       The Plaintiff was hired by the Defendant on or about April 27, 2011.

7.       During his initial orientation, Plaintiff was given training and instruction on workplace harassment and was told to report any harassment to Human Resources, dispatcher or the student coordinator.

8.       Following his initial orientation Plaintiff was assigned to team drive with trainer Dwight Williams. Driver trainer Williams was with him on the road in the truck and supervised all his activities.

9.       Almost immediately, Trainer Williams began harassing Plaintiff by making statements such as, "You should go back to your country," "I don't like to train people like you," "You don't need to be here," "I don't give a f**k about your religion," and many other harassing and derogatory remarks.

10.       Although he had been told by the student coordinator that he was allowed to take a break for religious purposes and to observe worship, driver trainer Williams refused to allow Plaintiff an opportunity to observe prayer and in response to Plaintiff's repeated requests told Plaintiff, "I am not stopping. I don't give a f**k about your religion."

11.       Plaintiff reported these incidents of discrimination to the dispatcher, the student coordinator and the Human Resources department of Defendant but no action was taken.

12.     Plaintiff requested a new driver trainer but no driver trainer was assigned.

13.     Other individuals have requested a different driver trainer and have received a new driver trainer.

14.     On or about May 26, 2011, driver trainer Williams became angered by Plaintiff, spat on him, threw his phone and belongings out of the truck, and began punching him repeatedly. Plaintiff was hit on his face/head, back, shoulders, ankles and legs.

15.     Shortly after the assault, Plaintiff called 911 and the police responded and arrested Williams. Plaintiff, who was injured by his driver trainer during the course and scope of his employment with Defendant, was transported to the hospital by ambulance.

16.     Following the incident of May 26, 2011, the driver trainer was arrested and was terminated by Defendant.

17.     As a result of the assault on May 26, 2011, Plaintiff suffered injuries to his back and knee and a cut eyebrow. Plaintiff's back injuries consisted of a paracentral disc protrusion and a disc bulge.

18.     Plaintiff reported the work-related injuries to his employer.

19.     On June 22, 2011, shortly after reporting his injuries received in the May 26, 2011 incident, Plaintiff was terminated. (See Separation Notice attached as Exhibit 1).

20.     Plaintiff, at some later point, was reinstated and put on workers compensation leave.

21.     Since Plaintiff's reinstatement, he continues to suffer retaliation from the Defendant in the form of delayed or missing paychecks and being passed over for a raise.

22.     On or about April 27, 2011 and continuing through the present, Defendant wrongfully and maliciously harassed and discriminated against the Plaintiff based upon his race,

religion, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5;

23.    Defendant wrongfully and maliciously harassed and discriminated against the Plaintiff based upon his race, religion, color, and national origin in violation of the Tennessee Human Rights Act pursuant to T.C.A. Sec 4-21-101, et. seq.; T.C.A. Sec. 4-21-301, et. seq.

24.    Defendant wrongfully and maliciously harassed and discriminated against the Plaintiff based upon his disabilities, actual and/or perceived, in violation of the Americans with Disabilities Act.

25.    Defendant retaliated against Plaintiff for filing a workers' compensation claim based on the May 26, 2011 incident.

26.    Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated May 30, 2012.  (See Notice attached as Exhibit 2).

### III.
### CAUSES OF ACTION

27.    The foregoing facts are incorporated herein and Plaintiff pleads in the alternative, assertions of employment discrimination separately through each subheading A through D.

#### A.    Religious Discrimination

28.    Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, and discrimination and the Plaintiff's Muslim religion in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5 and Tennessee Human Rights Act Tenn.Code.Ann § 4-21-401, et. seq.

29.    At all relevant dates and times as set forth herein, it is averred that:

(a)     Plaintiff was subjected to religious harassment and discriminatory conduct;

(b)     such conduct from the Defendant and its employees was unwelcome;

(c)     such discriminatory conduct was based on Plaintiff's religious beliefs, Muslim;

(d)     the Defendant's conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

(e)     at the time such conduct occurred and as a result of such conduct, the Plaintiff believed his work environment to be hostile or abusive;

(f)     Defendant knew or should have known of the harassment and discrimination;

(g)     Defendant failed to take prompt and appropriate corrective action to end the harassment and discrimination;

(h)     the offensive behavior of the Defendant was sufficiently severe and/or pervasive to alter the conditions of the Plaintiff's employment and create an abusive working environment; and

(i)     the discrimination from the Defendant was severe and pervasive as to create a hostile work environment which affected the terms, conditions, and/or privileges of the Plaintiff's employment with the Defendant.

### B.     Race/National Origin Discrimination

30.     Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, and discrimination and the Plaintiff's race/national origin, black/Moroccan in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5 and Tennessee Human Rights Act Tenn.Code.Ann § 4-21-401, et. seq.

31.    Plaintiff asserts that there is a causal connection between Defendant's poor treatment, disparate treatment, discrimination and termination and the Plaintiff's national origin.

32.    At all relevant dates and times as set forth herein, it is averred that:

(a)    the Plaintiff was subjected to harassment and discriminatory conduct based on his national origin;

(b)    such conduct of Defendant's supervisor was unwelcome;

(c)    such conduct of Defendant's supervisor was based on Plaintiff's national origin and ethnicity;

(d)    Defendant's conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

(e)    at the time such conduct occurred and as a result of such conduct, the Plaintiff believed his work environment to be hostile or abusive;

(f)    Defendant knew or should have known of the harassment and discrimination;

(g)    Defendant failed to take prompt and appropriate corrective action to end the harassment and discrimination;

(h)    the offensive behavior of the Defendant was sufficiently severe and/or pervasive as to alter the conditions of the Plaintiff's employment and create an abusive working environment; and

(i)    the discrimination from the Defendant was severe and pervasive as to create a hostile work environment which affected the terms, conditions, and/or privileges of the Plaintiff's employment with the Defendant.

C.    **Disability Discrimination**

33.     Plaintiff asserts that there is a causal connection between Defendant's poor treatment, disparate treatment, and discrimination and the Plaintiff's disability or perceived disability in violation of the Tennessee Disability Act §8-50-103 et seq., the Americans with Disabilities Act Amendments Act of 2008, 42 USC § 12101 et seq.,.

34.     At all relevant times herein:

   (a)     Plaintiff was qualified for the position he held with the Defendant;

   (b)     Plaintiff was disabled and/or Defendant perceived Plaintiff as disabled;

   (c)     Defendant refused to provide a reasonable accommodation; and

   (d)     Plaintiff suffered an adverse employment action because of his actual and/or perceived disability.

### D.     Workers Compensation Retaliation

35.     Plaintiff incorporates paragraphs 1-26 of this complaint and, in the alternative, pleads the following assertions of retaliatory discharge.

36.     At all times relevant dates and times set forth herein:

   a)     Plaintiff was employed by Defendant;

   b)     Plaintiff properly sought workers' compensation benefits for injuries that occurred in the course and scope of his employment with the Defendant Employer;

   c)     Defendant discharged the Plaintiff before he reached maximum medical improvement for his work related injuries; and

   d)     Defendant employer consistently harassed and retaliated against Plaintiff after his reinstatement and until the present;

   e)     Plaintiff's request for and receipt of workers' compensation benefits was a

substantial motivating factor in the Defendants' decision to discharge the

Plaintiff.

37.     Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THIS COMPLAINT be

served upon Defendant, they be compelled to Answer, and the Plaintiff be awarded all

compensatory damages, back pay, front pay, attorney's fees, interest, punitive damages, and

equitable relief allowed.

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

Donald D. Zuccarello [BPR No. 15092]
Anne Hunter Williams [BPR No. 022407]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*

## COST BOND

I, Donald D. Zuccarello, am surety for this cause.

Donald D. Zuccarello